```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

John R. Griffin

    v.                              Civil No. 07-cv-243-JL
                                    Opinion No. 2008 DNH 131

Town of Whitefield,
Richard Brown,
Shawn White, and
Judith Ramsdell

## **O R D E R**

John R. Griffin, proceeding pro se, has sued the Town of Whitefield and several of its employees for various injuries arising out of his allegedly unconstitutional arrest and prosecution in 2004. This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983 (civil rights). The parties have filed cross-motions for summary judgment. See Fed. R. Civ. P. 56(c) (2008).

The court heard oral argument on the motions on August 5, 2008. For the reasons stated below, the court denies Griffin's motion for summary judgment, grants the defendants' motion for summary judgment, and awards judgment to the defendants.

I.   **APPLICABLE LEGAL STANDARD**

Summary judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The object of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Davila v. Corporacion De P.R. Para La Difusion Publica, 498 F.3d 9, 12 (1st Cir. 2007) (quotations omitted) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "Cross motions [for summary judgment] simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed."  Littlefield v. Acadia Ins. Co., 392 F.3d 1, 6 (1st Cir. 2004).

II.  **BACKGROUND**

In 2004, Griffin was investigated and criminally charged by the Whitefield Police Department with attempting to violate a restraining order obtained by his former wife.  The charges against Griffin were later dismissed by the trial court.

Based on their participation in his arrest and prosecution, Griffin filed a state-court action against the Town of Whitefield, Officers Richard Brown and Shawn White of the Whitefield Police Department, and Judith Ramsdell, a justice of the peace.  Griffin alleged:  (1) intentional false arrest/imprisonment, (2) defamation, (3) intentional mental distress, (4) issuance of a void arrest warrant, (5) malicious prosecution, (6) misrepresentation and deceit, (7) malicious abuse of legal process, and (8) interference with marital relations.  Prior to trial, the Coos County Superior Court dismissed all claims against the defendants.  See Griffin v. White, slip ops., Nos. 06-C-57, -58, and -60 (N.H. Sup. Ct. Feb. 27, 2007, and Aug. 7, 2007); and Griffin v. Town of Whitefield, slip ops., Nos. 07-C-31, -32, and -33 (N.H. Sup. Ct. Aug. 20, 2007).  Several of Griffin's claims were dismissed for failure to state a valid cause of action, while summary judgment was granted on the remaining claims.  Griffin filed a notice of appeal with the New Hampshire Supreme Court, which was rejected as untimely. See Griffin v. White, slip op., No. 2007-0602 (N.H. Sept. 27, 2007).

Griffin has since filed the pro se complaint now before this court, which, liberally construed, see Raineri v. United States, 233 F.3d 96, 97 (1st Cir. 2000), alleges the following claims under 42 U.S.C. § 1983:  (1) false arrest and imprisonment, (2) invalid arrest warrant, (3) fraud and misrepresentation, (4) failure to educate, train, and supervise, and (5) malicious prosecution.  These claims are premised upon the same series of events that formed the basis of Griffin's earlier state-court petitions.  The defendants have moved for summary judgment, arguing that Griffin's claims are barred by the doctrine of res judicata.

### III. ANALYSIS

Res judicata, or claim preclusion, bars "parties or their privies from relitigating claims that were raised or could have been raised in [a previous] action." Breneman v. United States ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004).  Under New Hampshire law,[1] a prior lawsuit has res judicata effect over a subsequent one when:  (1) the parties in both actions are the

---

[1] For purposes of res judicata, federal courts apply the law of the state whose courts issued the earlier judgment.  See Torromeo v. Town of Fremont, 438 F.3d 113, 115-16 (1st Cir. 2006).

4

same, (2) the cases present the same cause of action, and (3) the first action concluded with the issuance of a final judgment on the merits.  See Meier v. Town of Littleton, 154 N.H. 340, 341 (2006).  Here, the defendants argue that, as the result of final judgments in earlier state-court proceedings where the parties and the claims were the same as those now before the court, Griffin's federal claims are precluded.  Demonstrating a fundamental misunderstanding of court procedure and the res judicata doctrine, Griffin failed to squarely challenge the defendants' contention in his written objection.  At oral argument, at the court's urging, he made several arguments against application of the doctrine, but those too were unavailing, and based on a limited, flawed understanding of the doctrine.  "This, of course, does not mean the unopposed party wins on summary judgment; that party's uncontested facts . . . must still show that the party is entitled to summary judgment." Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003).

It is undisputed, and abundantly clear to the court, that the first two elements of res judicata have been met.  The parties are identical, and Griffin's federal claims arose out of the same series of transactions or occurrences underlying his

state-court litigation--his arrest and prosecution in 2004. In this context, a claim presents the same cause of action as that resolved in an earlier judgment where the underlying facts share "relatedness in time, space, origin, or motivation" and "form a convenient unit for trial purposes." Restatement (Second) of Judgments § 24, cmt. b (1982); see also Sleeper v. Hoban Family Partnership, No. 2007-257, 2008 WL 2852957, at *3 (N.H. Sup. Ct. July 25, 2008) (cause of action refers "to all theories on which relief could be claimed on the basis of the factual transaction in question"). Indeed, as stated in Griffin's opposition papers, his federal complaint involves "an ongoing disagreement with the town of Whitefield, NH in respect to the actions of its employees, Police Officers Shawn White, Richard Brown and Administrative Assistant and Justice of peace representing Whitefield, NH; Judith Ramsdell."

It is similarly apparent to the court that Griffin's state-court actions concluded with a final judgment on the merits. "A judgment is upon the merits when it contains an order that there shall be no further action for the same cause." Moore v. Lebanon, 96 N.H. 20, 22 (1949). It is well settled that grants of summary judgment, and dismissals for failure to state a claim,

both constitute final judgments on the merits.  See <u>Caballero-Rivera v. Chase Manhattan Bank, N.A.</u>, 276 F.3d 85, 86 (1st Cir. 2002) (summary judgment); <u>AVX Corp. v. Cabot Corp.</u>, 424 F.3d 28, 30 (1st Cir. 2005) (dismissal for failure to state a cause of action).  Indeed, on essentially the same factual and procedural background as the matter before the court, Griffin had a separate but related complaint against these same defendants dismissed as a result of the earlier state-court judgments.  See <u>Griffin v. Town of Whitefield</u>, slip op., No. 08-cv-07-PB (D.N.H. May 5, 2008).

At bottom, and as he conceded at oral argument, Griffin's argument seems to be that although the doctrine of res judicata may very well bar his claims, the court should decline to apply the doctrine based on what he sees as the egregious nature of the misconduct alleged in those claims.  He cites no authority or precedent supporting this approach; of course, there is none.

### IV.  <u>CONCLUSION</u>

Because Griffin previously sought relief in New Hampshire state court, and lost on the merits of his claims, he is barred from relitigating those same claims (against the same defendants)

7

in federal court.  Under the doctrine of res judicata, the defendants are entitled to judgment as a matter of law.

Griffin's motion for summary judgment contains no memorandum of law, makes no legal argument in support of his position, and cites no authority to explain why he is entitled to judgment as a matter of law.  Further, it contains no authority or argument that counters the defendants' summary judgment motion.  The court, therefore, denies Griffin's motion for summary judgment, grants the defendants' motion for summary judgment, and awards judgment to the defendants.  All other motions are denied as moot.  The clerk is directed to close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 5, 2008

cc:  John R. Griffin, pro se
     R. Matthew Cairns, Esq.